IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID KACHMARSKI, et al.   :   CIVIL ACTION
                           :
    v.                     :
                           :
DAKOTA BODIES, INC., et al. :   NO. 10-4499

MEMORANDUM

McLaughlin, J.                              November 30, 2010

      The plaintiffs in this action, David and Kathryn Kachmarski, brought suit for damages resulting from personal injuries Mr. Kachmarski suffered when he was struck by a metal compartment door that fell open from the side of an aerial bucket truck. The defendants in this suit are Dakota Bodies, Inc. and Altec Industries, Inc. ("Altec"), both of whom are alleged to have manufactured and sold products involved in Mr. Kachmarski's accident. Dakota Bodies is a South Dakota corporation with a principal place of business in South Dakota. Altec is an Alabama corporation with a principal place of business in Alabama.

      This suit was initially brought in the Court of Common Pleas of Philadelphia County and removed to this Court by a Notice of Removal filed by Dakota Bodies. The plaintiffs now move to remand on the ground that the other defendant, Altec, did not timely consent to the removal. Because the Court finds that removal was procedurally defective, it will grant the motion and remand this case to the state court from which it was removed

pursuant to 28 U.S.C. § 1447(c).

This suit was filed on August 23, 2010, and both defendants were served with the complaint on August 27, 2010. Affs. of Service & Return Receipts ("Affs. & Receipts"), Exs. B & C to Pls.' Mot. to Remand.  Dakota Bodies filed a Notice of Removal on September 3, 2010, on the basis of diversity jurisdiction.  The notice was filed only on behalf of Dakota Bodies and did not state whether Altec consented to removal, nor did Altec file a separate written consent to removal of this action.

On September 28, 2010, the plaintiffs moved to remand this action to state court on the ground that Altec did not join in the removal of this action within 30 days of its being served with the complaint.[1]  The removal statute, 28 U.S.C. § 1446(a), requires that the "defendant or defendants" seeking to remove a case shall file a notice of removal.  This notice must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding

---

[1] In a supplemental reply to the defendants' opposition to the motion to remand, the plaintiffs also argued that removal was defective because Dakota Bodies did not file its notice of removal with the state court.  The defendants have since filed a Notice of Removal with the state court on November 10, 2010. Because the Court finds that removal was otherwise procedurally defective, the Court does not find it necessary address this issue.

2

is based . . . ." 28 U.S.C. § 1446(b).

The language of § 1446(a) has been interpreted to require that all defendants must ordinarily join in a notice of removal. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). Defendants need not join a notice of removal if they are unknown or nominal parties, if they are fraudulently joined, or if they have not been served at the time the notice of removal is filed. Balazik, 44 F.3d at 213 n.4. The failure of all known, properly joined and served defendants to join a notice of removal within 30 days of being served is a "defect" in removal procedure that warrants remand upon a timely motion under 28 U.S.C. § 1447(c). Balazik, 44 F.3d at 213.

In their opposition to the motion to remand, Dakota Bodies argues that (1) Altec was not properly served, and (2) no one had entered an appearance on behalf of Altec at the time the motion to remand was filed. Specifically, Dakota Bodies asserts that service on Altec "had not been confirmed" because the return receipt card appended to the plaintiffs' Affidavit of Service on Altec does not "affirmatively indicate, on its face, that the signatory was authorized to execute the same or that she was signing it on behalf of Altec Industries." Dakota Bodies' Opp. to Mot. to Remand, pp. 4-5. Dakota Bodies does not explain the significance of the fact that no attorney had entered an

appearance on behalf of Altec by the time the plaintiffs moved to remand the case.

The affidavits of service, return receipts, and state court dockets indicate that both Dakota Bodies and Altec were served on August 27, 2010, via certified mail, restricted delivery, return receipt requested. Affs. & Receipts; State Docket Report, Ex. 1 to Def.'s Praecipe to File Docket Entries from State Trial Court Action. The complaint was sent to Altec's principal place of business in Birmingham, Alabama on August 24, 2010, and the return receipt confirming delivery and acceptance was signed by Michelle Bell for Altec Industries on August 27, 2010. Rules 403 and 404 of the Pennsylvania Rules of Civil Procedure authorize service on an out-of-state corporation by "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.C.P. 403, 404.[2]

Dakota Bodies appears to argue that the individual who signed on behalf of Altec had to indicate on the return receipt that she was authorized to receive service of legal process on behalf of the corporation. Dakota Bodies does not seem to allege that the signatory was not in fact an "authorized agent" within

---

[2] The Pennsylvania Rules of Civil Procedure are read to permit service upon an out-of-state corporation by mail as provided by Rule 403. See, e.g., Seldon v. Home Loan Servs., Inc., 2009 WL 188015, *2 (E.D. Pa. Jan. 26, 2009); Reichert v. TRW, Inc. Cutting Tools Div., 561 A.2d 745, 750-51 (Pa. Super. 1989), rev'd on other grounds, 611 A.2d 1191 (1992).

4

the meaning of Rule 403.  Dakota Bodies does not cite to any rule or case law in support of its argument that service upon Altec was improper or that Ms. Bell was required to indicate on the face of the receipt that she was authorized to receive service of process on behalf of Altec.  There is nothing to indicate that service on Altec was ineffective and, notably, Altec does not contest that service on it was proper.  The Court finds that Altec was properly served on August 27, 2010.

Furthermore, that no one had filed an entry of appearance on behalf of Altec is irrelevant for purposes of complying with § 1446(b).  Again, Dakota Bodies cites to no case law in support of its argument that this fact negates the consent requirement.  No exception to the removal procedures applies. See, e.g., Collins v. Am. Red Cross, 724 F. Supp. 353, 359 (E.D. Pa. 1989) ("The absence of an entry of appearance on behalf of a defendant who, in fact, has been served does not excuse the failure of a removing co-defendant to obtain his joinder or consent within the thirty-day period prescribed by § 1446(b)."). Dakota Bodies does not plead any facts that would excuse the failure of Altec to join the notice of removal by September 27, 2010.

On October 13, 2010, Altec filed an answer to the plaintiffs' complaint, cross-claims against Dakota Bodies, and an opposition to the plaintiffs' motion to remand.  For the first

5

time, Altec provided written consent to removal of this action. Altec asserts that the plaintiffs orally agreed to an extension of the time Altec had to answer the complaint.[3] Altec's Answer to Mot. to Remand, p. 2. Altec's opposition to remand rests on its contention that by agreeing to an extension of Altec's time to answer its complaint, the plaintiffs implicitly agreed to extend the time for Altec to consent to removal. Altec argues that "but for" the extension of time agreed to by the parties, Altec would have filed its answer within the 30-day period, which would then have satisfied the consent requirement.[4] Altec also asserts that the court has discretion to deny remand where the defect in removal is procedural and that "good cause" exists for an extension of time to consent to removal pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

Altec's arguments are misplaced. First, the plaintiffs

---

[3] Altec sent a Local Rule 7.4 stipulation to extend the time for it to answer the complaint, but the plaintiffs never returned the stipulation and it was never filed with this Court. The plaintiffs do admit that they agreed to extend Altec's time to answer the complaint. Pls.' Reply to Opp. to Mot. to Remand, p. 1.

[4] Altec cites to a few cases that find that a defendant can manifest consent to removal by filing an answer in federal court. Those cases, however, almost all deal with answers filed within the 30-day period. See, e.g., Hernandez v. Six Flags Magic Mountain, Inc., 688 F.Supp. 560, 562 (C.D. Cal. 1988). Regardless of whether an answer filed in federal court within 30 days could constitute consent to removal, there is no question that Altec filed its answer on October 13, 2010, outside the 30-day period.

did not, by agreeing to an extension of time to answer the complaint, also agree to extend the time for Altec to join in the notice of removal. Although the plaintiffs could have waived the procedural defect in removal by not moving to remand this action, they did not. See Allbritton Commc'ns Co. v. N.L.R.B., 766 F.2d 812, 820 (3d Cir. 1985). Indeed, by moving to remand this case, the plaintiffs have indicated that they do not waive any defects in the removal proceedings and do not agree to any expansion of time to consent to removal.

Second, it has long been established that the thirty-day period for removal is mandatory and that courts are without authority to expand it. See DiLoreto v. Costigan, 2008 WL 4072813, *2 (E.D. Pa. Aug 29, 2008) (citing Collins, 724 F. Supp. at 359). The right to removal is purely statutory and there is no indication that the court can extend the time to consent to removal.[5] Because Congress authorizes federal courts to have removal jurisdiction only under specific circumstances, it would be inconsistent to allow courts to ignore those conditions on a discretionary basis. Furthermore, removal statutes are strictly construed, with all doubts to be resolved in favor of remand. Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009).

Finally, even if the Court had discretion to extend the

---

[5] The language of § 1446(b) is mandatory: the notice of removal "shall be filed within thirty days." (emphasis added).

7

30-day period under extraordinary circumstances, no such circumstances exist here.  Altec points to no good cause for delay and offers no reason why it was not able to join the notice of removal by September 27, 2010.  The fact that Altec may have mistakenly believed that, by agreeing to extend the time to answer the complaint the plaintiffs were also expanding the time to consent to removal, is not a reasonable justification for failure to comply with the removal statute.  To the degree that Altec suggests that the plaintiffs somehow misled Altec, there is simply no evidence in the record that the plaintiffs acted with bad faith or were responsible for Altec's error.

      An appropriate Order will be issued separately.